Jody Andrew McBRIDE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1301–93.

Court of Criminal Appeals of Texas, En Banc. ·

April 24, 1996.

Michael B. Charlton, Brian W. Wice, Houston, for appellant.

J. Harvey Hudson, Asst. Dist. Atty., Houston, Robert A. Huttash, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge.

Appellant's motor vehicle hit a telephone pole on the night of March 3, 1991. The passenger was killed. Appellant, the driver of the vehicle, survived and was taken to a local hospital where an attending physician ordered an array of tests, including one for appellant's blood alcohol level, in order to evaluate his medical condition. The results of the blood alcohol test, recorded in appellant's medical file, indicated a blood alcohol level of .14 grams per liter.

Appellant was charged with involuntary manslaughter and indicted by a grand jury which had seen the results of the blood alcohol test pursuant to a grand jury subpoena for his medical records. He waived his right to a jury trial and entered a guilty plea in accordance with his plea bargain agreement. The trial court assessed a punishment of ten years probation. Prior to the entry of this agreement, however, appellant moved to suppress the evidence reflecting his blood alcohol test results as tainted fruit of an illegal seizure. Specifically, he contended that he

had a reasonable expectation of privacy in his medical records such that both the United States Constitution and the Texas Constitution prohibited their unreasonable seizure. U.S. CONST. amend. IV. TEX. CONST. art. I, § 9. The trial court denied this motion.

On appeal to the Houston Court of Appeals, First Supreme Judicial District, appellant reiterated his constitutional objections to the seizure of his medical records and also suggested, for the first time, that these records were protected by the Medical Practice Act, TEX.REV.CIV.STAT. art. 4495b, § 5.08(b), which, in part, privileges medical records.

The Court of Appeals affirmed, concluding that the repeal of the Medical Practice Act in the criminal law context and the subsequent adoption of TEX.R.CRIM.EVID. 509, dissolved the physician-patient privilege in all criminal proceedings, that the subpoena adequately protected appellant's privacy interest in his medical records, and that the disclosure of the evidence was inevitable so that "[r]eversing this case would not benefit the appellant because the same evidence could be used against him in a new trial." *McBride v. State*, No. 01–92–00574–CR, 1993 WL 368897 (Tex.App.—Houston [1st Dist.], 1993).

We granted discretionary review to determine whether the court of appeals erred in holding that the doctor-patient privilege and the medical records privilege, created by the Medical Practice Act, § 5.08, were repealed by this Court's adoption of Rule 509.

We have since determined that the Petition for Discretionary Review was improvidently granted. It is therefore dismissed.

OVERSTREET, J., dissents.